[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 7, 2005
THOMAS K. KAHN
CLERK

No. 03-11441

D. C. Docket No. 02-00390 CV-5-OC-10GRJ

JAMES MURRAY,
a.k.a. James Hines,

Petitioner-Appellant,

versus

DONALD A. MCKELVY, Warden,
COMMONWEALTH OF MASSACHUSETTS,
GOVERNOR OF THE STATE OF MASSACHUSETTS,
CHAIRPERSON, MASSACHUSETTS PARDON AND PAROLE BOARD,
UNITED STATES OF AMERICA,
MARY C. ROEMER,

Respondents-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**(March 7, 2005)**

Before TJOFLAT, RONEY and HILL, Circuit Judges,

PER CURIAM:

On December 31, 2002, petitioner petitioned the United States District Court for the Middle District of Florida to issue a writ of habeas corpus under 28 U.S.C. § 2241. At the time, he was incarcerated at the Coleman Federal Correctional Complex, which is located in the Middle District of Florida, had served more than twenty-two years of a federal sentence, and had been scheduled by the U. S. Parole Commission to be paroled on March 9, 2003. The Warden could not release petitioner, however, because the State of Massachusetts had lodged a detainer and intended to take him into custody to serve Massachusetts sentences that had not been discharged (because they were to run consecutively to the federal sentence he had been serving). Petitioner filed the instant petition in an effort to prevent the Warden from releasing him to the Massachusetts authorities.

In its order dismissing the petition without prejudice, which petitioner now appeals, the district court correctly read the petition as seeking the following items of relief:

First, a declaration that the consecutive Massachusetts sentences constituted cruel and unusual punishment;

Second, a declaration that the Massachusetts Pardon and Parole Board's denial of clemency denied him due process of law;

Third, a declaration that an Assistant U. S. Attorney, retaliating against petitioner, caused Massachusetts to file the retainer; and

Fourth, a declaration that "fundamental principles of justice" required that the Massachusetts sentences not be served.

The district court denied the first and fourth items of relief on the grounds (1) that 28 U.S.C. § 2254, not 28 U.S.C. § 2241, was the habeas statute under which petitioner should seek relief from his Massachusetts sentences, and (2) that the District of Massachusetts, rather than the Middle District of Florida was the appropriate venue. Petitioner appealed this ruling without a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1)(A) and (2). Petitioner did not seek a COA from the district court. We decline to issue a COA because petitioner has not "made a substantial showing of the denial of a constitutional right." Id. Having denied petitioner a COA, we are precluded from reviewing the court's refusal to these two items of relief.

We affirm the district court's rejection of the remaining items of relief. As for the second item, petitioner failed to join as a party defendant the Pardon and Parole Board. The third item suffers the same defect; petitioner failed to sue the Assistant U.S. Attorney.

3

The judgment of the district court is affirmed as to the second and third items of relief. The court's denial of relief on the first and fourth items of relief remains undisturbed because we do not consider them.

SO ORDERED.